**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jaime Crispin Martinez,<br>Petitioner<br>v.<br>John Mattos, et al.,<br>Respondents | Case No.: 2:26-cv-01427-JAD-BNW<br><br>**Order Granting Habeas Relief and Denying as Moot Motion for Temporary Restraining Order**<br><br>[ECF Nos. 15, 22] |

Petitioner Jaime Crispin Martinez is a Mexican citizen who was taken into custody by Immigration and Customs Enforcement (ICE) officials on December 15, 2025. ICE detained him at the Nevada Southern Detention Center in Pahrump, Nevada, then transferred him to the California City Immigration Processing Center. Crispin Martinez seeks a writ of habeas corpus, alleging that he did not receive constitutionally adequate bond hearings in violation of his due-process rights. The government responds that Crispin Martinez hasn't exhausted his administrative remedies and that the immigration judge's dangerousness determination was constitutionally adequate.

Because Crispin Martinez raises serious concerns about the constitutionality of his bond hearing and awaiting an appeal would cause irreparable harm, I waive the exhaustion requirement. I also find that the immigration judge abused his discretion by denying bond twice because he failed to consider the severity of Crispin Martinez's first driving-under-the-influence misdemeanor, the lack of probative and specific evidence for his pending DUI, and the other factors relevant to his dangerousness and changed circumstances. Because the government provided two constitutionally inadequate bond hearings and deprived Crispin Martinez of his

due-process rights, I grant his petition and order his release. I also deny as moot his motion for a temporary restraining order.

## Discussion

### A. This court has jurisdiction over Crispin Martinez's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[1] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[2] Crispin Martinez was transferred to the California City Immigration Processing Center on the same day that I restrained the government from transferring him out of this district.[3] I retain jurisdiction over him because he filed his habeas petition while in custody within this judicial district.[4]

### B. Crispin Martinez's need to exhaust administrative remedies is excused.

On February 4, 2026, Crispin Martinez sought a custody redetermination from an immigration judge (IJ) over whether he should be released from detention while his removal proceedings were ongoing.[5] The IJ denied the motion, finding that Crispin Martinez was a danger based primarily on a DUI misdemeanor, for which he received a suspended sentence and completed programming, and a pending DUI charge for which he's been released on pretrial

---

[1] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[2] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[3] *See* ECF No. 15 at 4; ECF No. 3.

[4] *See* ECF No. 15 at 4–5; *Ex Parte Endo*, 323 U.S. 283 (1944); *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (jurisdiction "attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change").

[5] ECF No. 15 at 2.

supervision.[6] The IJ held a second bond hearing five weeks later because Crispin Martinez alleged changed circumstances from his approved Form I-130, a step towards establishing his marriage to a U.S. Citizen and qualifying him for legal status.[7] The IJ again denied bond based on the same dangerousness finding.[8]

The government argues that Crispin Martinez failed to exhaust his administrative remedies.[9] It concedes that exhaustion is prudential, not jurisdictional.[10] But it argues that exhaustion should not be excused here under *Puga v. Chertoff*, in which the Ninth Circuit held that courts may require exhaustion if the agency's expertise would better create a complete record for review, waiving exhaustion would encourage petitioners to bypass the administrative scheme, and the agency could correct its own mistakes through appeal.[11] The government contends that the Board of Immigration Appeals (BIA) is the subject-matter expert of custody cases, waiving exhaustion encourages detainees to bypass the BIA appeal process, and the BIA could correct an IJ's factual and evidentiary errors.[12] Crispin Martinez responds that waiting for the results of an administrative appeal would cause irreparable harm because he has been detained for over seven months at the time of filing—ten months now—as a result of two unconstitutional custody-redetermination hearings and his detention prevents him from

---

[6] *Id.*; ECF No. 18-1 at 13.

[7] ECF No. 15 at 3.

[8] *Id.*; ECF No. 18-1 at 15. Crispin Martinez also states that he had a bond hearing on June 4, 2026, but he does not attach the audio or order from this hearing, so I do not consider it. ECF No. 15 at 3; *see* ECF No. 18-1 (government exhibit attaching the February and March IJ orders).

[9] ECF No. 18 at 4–7.

[10] *Id.* at 5 (citing *Arango Marquez v. I.N.S.*, 346 F.3d 892, 897 (9th Cir. 2003)).

[11] ECF No. 18 at 6; *Puga v. Chertoff*, 488 F.3d 812 (9th Cir. 2007).

[12] ECF No. 18 at 6.

completing the necessary steps towards adjusting his immigration status.[13] He also argues that the *Puga* factors should not apply to 8 U.S.C. § 1226(a) detention and, even if they do, exhaustion should be waived.[14]

The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[15] While the government cites *Puga* for cases in which a court may require exhaustion, it fails to acknowledge that the Ninth Circuit has repeatedly held that "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[16]

I find that requiring Crispin Martinez to exhaust administrative remedies would cause him irreparable injury. As discussed *infra*, the IJ failed to conduct a constitutionally adequate bond hearing by relying on insufficient evidence of dangerousness. Detention without a constitutionally adequate bond hearing is irreparable injury.[17] Under these circumstances, I find it appropriate to waive the prudential-exhaustion requirement because further irreparable injury would result from Crispin Martinez's continued detention.

---

[13] ECF No. 21 at 6–9.

[14] *Id.* at 3.

[15] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

[16] *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

[17] *Hernandez*, 872 F.3d at 994–95 ("It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." (cleaned up) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Castillo v. Blanche et al.*, 2026 WL 2071063, at *3 (D. Nev. July 17, 2026).

**C. The government failed to provide Crispin Martinez with a constitutionally adequate bond hearing.**

Crispin Martinez claims that his bond hearing was inadequate because the IJ's dangerousness decision is legally erroneous and unsupported by evidence.[18] District courts review an IJ's custody determination for abuse of discretion.[19] Under this standard, the court cannot weigh evidence but can determine whether the immigration judge's decision reflects clear legal error or is unsupported by sufficient evidence.[20]

In *Matter of Guerra*, the Board of Immigration Appeals (BIA) identified nine factors that an IJ may weigh when making a custody determination.[21] These factors include whether the petitioner has a fixed address, the length of his residence in the United States, his family ties, employment history, record of court appearance, criminal record and seriousness of offenses, history of immigration violations, attempts to flee authorities, and manner of entry to the United States.[22] An IJ has broad discretion to weigh these factors, but if the decisionmaker misstates the record or fails to mention highly probative or dispositive evidence, the IJ's decision may reflect an abuse of discretion.[23]

Crispin Martinez argues that in denying bond, the IJ failed to consider the circumstances of his first DUI charges and the other *Guerra* factors demonstrating that he would not be a

[18] ECF No. 15 at 8–9; ECF No. 21 at 9–12.

[19] *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).

[20] *Id.* at 785; *Restrepo v. Noem*, 2026 WL 1047688, at *5 (C.D. Cal. Mar. 23, 2026).

[21] *Martinez*, 124 F.4th at 783 (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

[22] *Id.*

[23] *Id.*

danger to the community.[24] In January 2021, Crispin Martinez incurred a DUI misdemeanor conviction.[25] He received a suspended sentence, completed programming, and served no time for his misdemeanor.[26] In December 2025, he was arrested for another DUI and for resisting a public officer.[27] This charge has not been adjudicated, and Washoe County released Crispin Martinez on supervision, including GPS and alcohol monitoring.[28] Crispin Martinez presented evidence regarding the circumstances of both DUIs at the bond hearing.[29] At his bond hearings, he also presented evidence of the other *Guerra* factors, including his lawful entry, marriage to a U.S. Citizen, and employment.[30] At the second custody-redetermination hearing, Crispin Martinez also presented evidence of changed circumstances by showing his approved Form I-130, a necessary step permitting him to seek lawful status.[31] According to Crispin Martinez, his detention prevents him from attending the in-person biometric appointments and interviews required for status adjustment.[32]

---

[24] ECF No. 15 at 8–9; ECF No. 21 at 9–12.

[25] ECF No. 15 at 8–9.

[26] *Id.* at 9. This conviction isn't listed under Crispin Martinez's Form I-213 "criminal history," but the government separately attaches the 2021 "register of actions" showing the conviction. *See* ECF No. 18-2 at 6–10.

[27] *Id.*; ECF No. 15 at 2.

[28] ECF No. 21 at 10–11.

[29] ECF No. 15 at 2; ECF No. 21 at 10. While neither Crispin Martinez nor the government filed audio from the bond hearings, the government does not dispute the evidence Crispin Martinez says he presented at the hearings, so I accept his representations as true. *United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) (holding that unraised arguments are waived); *Carlson v. Landon*, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that unopposed habeas allegations "must be taken as true").

[30] ECF No. 15 at 8.

[31] *Id.* at 3.

[32] *Id.*

The government responds that Crispin Martinez's DUI conviction and pending DUI charge are the only factors the IJ needed to consider. It argues that if an IJ finds that a detainee poses a danger to the community, he does not need to consider other mitigating *Guerra* factors.[33] And it contends that the court does not have habeas jurisdiction because Crispin Martinez received procedural due process—he had a custody-redetermination hearing, presented evidence, and reserved his right to appeal.[34] 8 U.S.C. § 1226(e), it argues, permits habeas challenges for constitutional inadequacy but bars review of discretionary detention judgments.

Crispin Martnez challenges the IJ's decisions as legally erroneous, so the court has jurisdiction under § 1226(e). And the government's arguments for why his bond hearings were constitutionally adequate are unavailing. The government contends that Crispin Martinez's DUI conviction and pending charge should establish dangerousness per se. It relies on three cases, each of which is distinguishable. In *Matter of Siniauskas*,[35] the BIA identified drunk driving as "an extremely dangerous crime" and denied bond for a petitioner with three DUI convictions in one year and another DUI arrest ten years later; two of the four arrests or convictions involved car accidents.[36] The BIA acknowledged that an IJ should consider both the nature of an offense and the specific circumstances surrounding the noncitizen's conduct.[37]

---

[33] ECF No. 18 at 9, 13.

[34] *Id.* at 11–12 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022)).

[35] *Matter of Siniauskas*, 27 I&N Dec. 207 (B.I.A. 2018).

[36] *Id.* at 207–10.

[37] *Id.* at 208, 210 (finding the mitigating circumstances surrounding petitioner's recent DUI arrest unpersuasive).

The government also cites *Iglesias-Romero v. Mattos*[38] and *Rodriguez v. Blanche*.[39] The court in *Iglesias-Romero* found that the IJ did not abuse his discretion because "Iglesias-Romero raise[d] no red flags indicating [that] the IJ did not properly apply the law cited in the order."[40] It cited the BIA's *Siniauskas* reasoning that DUIs are seriously unfavorable for detainees in bond hearings and found that the IJ did not violate due process in denying bond because of petitioner's DUI conviction and arrest.[41] The court reached the same conclusion in *Rodriguez v. Blanche*, again citing *Siniauskas* and denying habeas relief for a petitioner with one DUI conviction and two pending DUIs.[42] Notably, petitioners in both cases argued that the IJ should have placed the burden on the government to prove that they weren't a danger to the community by clear-and-convincing evidence.[43] Crispin Martinez does not suggest this burden shift should occur here unless the court orders another bond hearing.[44]

I do not find that *Siniauskas* always requires a dangerousness finding for detainees with DUIs. While criminal history is the most important *Guerra* factor, the IJs must consider the extensiveness of the criminal history and the recency and seriousness of the offense.[45] And an IJ may consider pending charges or arrests, but there must be probative and specific evidence

---

[38] *Iglesias-Romero v. Mattos*, 2026 WL 1346625 (D. Nev. May 13, 2026).

[39] *Rodriguez v. Blanche*, 2026 WL 1651009 (D. Nev. June 6, 2026). The government cites this case as *Abel v. Bondi*, but the petitioner and defendant's names were updated in the court's habeas decision.

[40] *Iglesias-Romero*, 2026 WL 1346625 at *3.

[41] *Id.* at *3–*4.

[42] *Rodriguez*, 2026 WL 1651009, at *3.

[43] *Id.* at *2; *Iglesias-Romero*, 2026 WL 1346625, at *2.

[44] ECF No. 15 at 13.

[45] *Martinez*, 124 F.4th at 783 (quoting *Guerra*, 24 I. & N. Dec. at 40).

supporting the charge.[46] In *Zhamagortsyan v. Adelanto ICE Processing Center*,[47] the Central District of California found that a petitioner with one pending DUI charge, which did not cause an accident or injury, should not be subject to the same dangerousness finding from *Siniauskas*.[48] The court ordered the petitioner's release, finding that the IJ had failed to apply the dangerousness standard to the specific facts before him.[49]

I find this reasoning persuasive. Unlike in *Iglesias-Romero*, Crispin Martinez has raised red flags showing that the IJ failed to consider the lack of severity of his DUIs. For his first conviction, he received a suspended sentence, completed programming, and served no jail time. Nothing in the record shows that his first DUI caused an accident or injury. I recognize that his pending charge distinguishes these facts from *Zhamagortsyan*, in which the petitioner had no prior convictions and just one pending DUI. But the county has released Crispin Martinez under supervision and he has raised a "red flag" that the IJ failed to consider probative and specific evidence from a pending charge. The IJ does not need to reach the same conclusion as the county, but he must consider the specific circumstances that weigh against detention. And Crispin Martinez is unlike the petitioner *Siniauskas*, who had three DUI convictions in one year and another pending DUI charge. Like in *Zhamagortsyan*, the IJ's orders here "improperly relied on blanket statements"[50] from BIA precedent and failed to consider or discuss the distinguishing facts of Crispin Martinez's one conviction and pending charge.

---

[46] *Barrientos v. ICE Field Office Director*, 667 Fed. App'x 184, 184 (9th Cir. 2016) (citing *Guerra*, 24 I. & N. Dec. at 40).

[47] *Zhamagortsyan v. Warden, Adelanto ICE Processing Center et al.*, 2026 WL 2876062 (C.D. Cal. Sept. 24, 2026).

[48] *Id.* at *4, *8.

[49] *Id.* at *8.

[50] *Id.*

I am also unpersuaded by the government's argument that the IJ does not need to consider any of the eight-remaining *Guerra* factors in determining dangerousness. While criminal history is "most pertinent" to assessing dangerousness, the IJ's orders here show only that he "g[ave] greater weight to the respondent's criminal history than the other factors" without discussing them.[51] Crispin Martinez's DUI conviction and pending charge should not foreclose consideration of his family ties, legal entry, and pending status adjustment.[52] Without any more information regarding the IJ's reasoning besides these written orders, I find that he abused his discretion by failing to consider the specific circumstances of Crispin Martinez's criminal history and declining to discuss the other *Guerra* factors. So I find that the inadequate bond hearings violated Crispin Martinez's due-process rights, and I grant his habeas petition.

**C. Because both of Crispin Martinez's bond hearings violated his due-process rights, I order his immediate release.**

Courts have "a fair amount of flexibility" in deciding habeas relief.[53] After concluding that a bond hearing violated petitioner's due-process rights, courts have either ordered a constitutionally adequate hearing or release.[54] Because Crispin Martinez has had at least two bond hearings that failed to afford his Fifth Amendment due-process rights and has been detained for nearly ten months, I find that the appropriate remedy is his immediate release from custody. I thus deny as moot his motion for a temporary restraining order.

---

[51] ECF No. 18-2 at 13–16.

[52] Also disconcerting is the IJ's March order writing "[n]o change in circumstances," failing to discuss Crispin Martinez's approved Form I-130, and pasting the same reasoning from his February order. *See* ECF No. 18-2 at 15.

[53] *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

[54] *See, e.g.*, *Ramirez-Anaya v. Mattos*, 2026 WL 1362540, at *6 (D. Nev. May 15, 2026); *Zhamagortsyan*, 2026 WL 2876062, at *8; *Gonzalez Reyes v. Rios*, 2026 WL 2190830, at *7 (C.D. Cal. July 28, 2026).

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Jaime Crispin Martinez's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 15] is GRANTED**. **Crispin Martinez must be released from detention within three days, subject to reasonable conditions of supervision to be imposed by Immigration and Customs Enforcement under 8 U.S.C. § 1226(a)(2). Imposition of those conditions must not impede Crispin Martinez's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on petitioner's counsel:

(1) notice of the date, time, and location of Jaime Crispin Martinez's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Crispin Martinez's release was effectuated.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Jaime Crispin Martinez absent clear-and-convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that he is a flight risk or danger to the community such that his physical custody is legally justified.**

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

IT IS FURTHER ORDERED that Jaime Crispin Martinez's motion for a temporary restraining order **[ECF No. 22] is DENIED** as moot.

**The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

_______________________________
U.S. District Judge Jennifer A. Dorsey
October 6, 2026